The STATE OF MONTANA ex rel. MARK P. SULLIVAN, County Attorney of Silver Bow County, Relator, v. The DISTRICT COURT of the Second Judicial District of the State of Montana, in and for the COUNTY OF SILVER BOW and the HONORABLE VICTOR H. FALL, Presiding Judge, Respondents.

No. 11387.
Submitted October 18, 1967. Decided November 2, 1967.
433 P.2d 146.

204

Mark P. Sullivan (argued), Butte, for relator.

Harold Dean, Corette, Smith, Dean & Wellcome, Sam Chase (argued), David Holland (argued), Holland & Holland, Butte, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding in which relator sought an appropriate writ to be directed to respondents. The petition was presented ex parte and an order to show cause was issued returnable October 18, 1967. On the return day a motion to quash, return and answer of the respondents was filed and the matter argued before the court and submitted.

The relator county attorney alleged in his petition that on December 30, 1966, he filed an information in the district court charging certain defendants with the crime of possession of gambling instruments, a misdemeanor; that the time for arraignment was continued until January 5, 1967, at which time defendants filed demurrers to the information. Thereafter, on May 4, 1967, relator filed an amended information for the crime of misdemeanor, to wit: keeping and possessing gam-

bling instruments, namely, punchboards and similar devices. On May 16, 1967, defendants filed demurrers to the amended information and upon agreement of the relator and counsel for defendants the hearing on the demurrers was set for September 11, 1967. Before argument on September 11, defendants disqualified the district judge and another district judge was called in. On September 14, 1967, defendants filed a motion to dismiss the charge upon the grounds that they had not been brought to trial within six months after the filing of the information. On September 15, 1967, relator disqualified the district judge who had been called in. District Judge Victor H. Fall was then called in to hear further proceedings and he assumed jurisdiction on September 20, 1967, heard arguments on defendants' motion to dismiss, granted the same and entered an order of dismissal.

Since the order of Judge Fall entered on September 20, 1967, was not an appealable order and based upon the contention of the relator that the judge was acting through a mistake of law or else in willful disregard of it, this court issued the aforementioned order to show cause.

Respondents' motion to quash contends that the order to show cause should be quashed because "the petition on which it is based does not show that either of the respondents was brought to trial within six months after the filing of the information, or that the trial of either was postponed upon his or its application, or that there was good cause for not bringing either to trial within the six months period, all as provided in section (95-9401), [sic] (94-9501) of the Revised Codes of Montana of 1947."

Section 94-9501, R.C.M.1947, supra, provides: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: * * *

"2. If a defendant, whose trial has not been postponed upon his application is not brought to trial within six months after the finding of the indictment, or filing of the information."

Since this case involves a misdemeanor it brings into focus section 94-9507, R.C.M.1947, which provides: "An order for the dismissal of an action, as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony."

At the time of the ex parte presentation of his petition, relator referred to agreements between himself and counsel for the defendants for continuancs, and in the copy of the Register of Actions annexed to the petition these entries appeared: "May 16, 1967: Demurrer filed. May 16, 1967: Demurrer filed. Sept. 11, 1967: Affidavit of Disqualification filed. * * * " While the minutes of the district court were not attached, it was our impression from the argument that such agreements would be verified by court records on or before the return day. This impression was incorrect for nothing further has been filed by the relator.

At the hearing on the return day, relator and counsel for respondents conceded that no minute book is kept in the district court of Silver Bow County. That the only attempt to keep minutes of the court is to be found in sketchy notes inserted in Register of Actions. This is disturbing in view of section 16-3001, R.C.M.1947, which provides:

"The clerk of the district court, in addition to the duties prescribed elsewhere, must: * * *

"2. Act as clerk of the district court, and attend each term or session thereof, and upon the judges at chambers when required; * * *

"4. Keep for the district court, in separate volumes, an index of all suits, labeled 'General index—Plaintiffs,' each page of which must be divided into seven columns, under their respective heads, alphabetically arranged as follows: * * * 'Page of minute book of district court'; also, an index labeled 'General index—Defendants,' each page of which must be divided into seven columns under their respective heads, alphabetic-

ally arranged, as follows: * * * 'Page in minute book of district court'; * * *.

"5. Keep a minute book, which must contain the daily proceedings of court, which may be signed by the clerk, which minute book must be indexed in the names of both defendant and plaintiff * * *."

Thus, does the law specifically require the clerk of the district court to keep a minute book and also to index the minutes of all proceedings in the General Indexes. Notations in the Register of Actions are not and cannot be accepted as a substitute for statutory direction.

At the time of the hearing, relator and counsel for respondents were also in agreement that each of the two judges in Silver Bow County hold only one jury term of court each year. Attention is called to section 93-315, R.C.M.1947, which provides:

"The district court of each county which is a judicial district by itself has no terms, and must be always open for the transaction of business, except on legal holidays and nonjudicial days. Juries for the trial of causes must be called by the judge as often as the public business requires. * * *"

Silver Bow county is a judicial district by itself and its district court is subject to the above-quoted statute.

The issues before us in this proceeding are: (1) whether or not the trial was postponed upon the application of the defendants; and (2) was good cause shown in the district court for failure to bring the defendants to trial within six months after the filing of the information?

As to the first issue, while relator contended in his argument that the trial was postponed by reason of the actions of the defendants in not entering a plea and in filing demurrers which were never acted upon, we do not agree. The demurrers could have been called up for hearing by the relator but there is no showing that he ever did so before the six months period expired. In fact there is no showing by any

official record or minutes of the court that any delay in this respect was caused by the defendants. The filing of the information on December 30, 1966, started the six months period running and it would expire on June 30, 1967. On May 16, 1967, the defendants filed their demurrers and were granted ten days to file brief. The brief was filed on May 19 or but three days later. Relator alleges in Paragraph VII of his petition: "Upon agreement by your Relator and counsel for defendants, the hearing on the Demurrers to the Amended Information was set for September 11, 1967." While counsel for the defendants concedes this in his answer, there is no showing that this agreement was submitted to or so ordered by the district judge.

As to the entry of pleas, the defendants could await ruling upon the demurrers before entering their pleas, and rightly so, for if the demurrers were sustained no plea would be required. Section 94-6707, R.C.M.1947, provides that if the demurrer is allowed the judgment is final upon the information, with certain exceptions which would not apply here in view of section 94-9507, R.C.M.1947, supra. Under the provisions of section 94-6710, R.C.M.1947, if the demurrer is disallowed the defendant must plead forthwith, or at such time as the court may direct.

As to the second issue relator contends that under the rules and practices of the district court there was no opportunity until the month of September to set the case down for trial. While relator contends that this jury term situation is a condition beyond the control of the prosecution and provides good cause, we cannot agree with him. We have previously quoted the statute governing the situation and we are not impressed with relator's statement that the "system" prevents him from securing a speedy jury trial. He made no showing to the district court of the necessity of a jury trial in this case and he cannot now be heard to complain that no jury was provided. We will not hold a court in error in the absence of a

showing that request was made in due and proper time and was refused.

For these reasons, the action of the Honorable Victor H. Fall, judge presiding, in ordering the cause dismissed was correct, and the motion to quash should be granted. The order to show cause having been improvidently issued, it is quashed and this proceeding is hereby ordered dismissed.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN C. HARRISON concur.